UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DANNY M. BANKS, # 221910 | ) |
| | ) |
| v. | ) NO. 2:06-CV-174 |
| | ) |
| SULLIVAN COUNTY, TENNESSEE; | ) |
| SULLIVAN COUNTY JAIL/PRISON; | ) |
| WEST TENNESSEE STATE | ) |
| PENITENTIARY; HARDEMAN | ) |
| COUNTY PRISON; and SULLIVAN | ) |
| COUNTY JAIL MEDICAL STAFF | ) |

## **MEMORANDUM and ORDER**

This *pro se* civil rights complaint for monetary damages and injunctive relief under 42 *U.S.C.* § 1983 was filed by Danny M. Banks, a state inmate then housed at the Sullivan County Detention Center [SCDC], but now confined in the Hardeman County Correctional Facility [HCCF]. The plaintiff's application to proceed *in forma pauperis* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of the plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the plaintiff's place of confinement and also to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the assessment procedures outlined herein.

1. The Plaintiff's Allegations

The plaintiff makes the following allegations in his complaint.  Eight or nine years ago, Douglass Jeff____[illegible], an Assistant Professor of Neurology, prescribed the plaintiff Beta Seron to treat his M.S. [presumably, his multiple sclerosis].  The plaintiff was booked into SCDC on February 14, 2006, and, later that month, his family brought the medication to him.  The medication ran out on March 22, 2006.  He filed several grievances concerning this matter.  The response from one grievance he submitted to the SCDC authorities recited that his doctor had been consulted and had agreed that the plaintiff did not need his medication any more, though, in fact, they had not even talked to Asst. Professor Douglass Jeff____.  The plaintiff filed another grievance the last of March, complaining about this problem, and soon found himself on the next bus, en route to the West Tennessee State Prison. At

---

[1] Payments should be mailed to:  Clerk's Office, USDC
    220 West Depot Street, Ste. 200
    Greeneville, TN 37743.

some point, the plaintiff was transferred to HCCF, where he received his medication until he left on June 25th. Though the plaintiff has not so stated, it is obvious that he was transferred back to SCDC because, according to his pleading and *in forma pauperis* application, he was confined in the SCDC when he signed those documents on August 9th, 2006. However, six days later, he was back on the bus headed to HCCF. [Doc. 4, Notice of address change]. He would have the Court provide the proper medication and compensate him for the worsening of his condition due to someone's negligence.

2. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit (or individual defendants or claims against them) must be dismissed.

At the outset, the plaintiff's request for an injunction directing the Sullivan County authorities and those at the prison in West Tennessee to provide him with the proper medication has become **MOOT**. This is so because the plaintiff is currently confined in HCCF and could derive no benefit from the granting of injunctive relief at the other two facilities. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's request for injunctive relief is moot upon his transfer to a different facility).

The plaintiff has named the Sullivan County Jail and the West Tennessee State Prison as defendants. The Sullivan County Jail and the West Tennessee State Prison are buildings–not suable entities under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 113 F.3d 1234, 1997 WL 225647, **1 (6th Cir. May 1, 1997). Additionally, the Sullivan County Jail Medical Staff is not a "person" who can be sued under § 1983. *See Hix v. Tennessee Dept. of Corrections*, 196 Fed. Appx. 350 *355 (6th Cir. Aug. 22, 2006) ("[W]e conclude that the defendant medical departments are not "persons" under § 1983.").

Even if the defendants were "persons" who could be sued under § 1983, the plaintiff has failed to state a claim against them. His sole claim involves the alleged denial of Beta Seron, a medication prescribed to treat the plaintiff's M.S. some years ago by Douglass Jeff_, Assistant Professor of Neurology at some unidentified institution. The Court will assume that he is a neurologist.

The Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106. Also, a divergence of medical opinion regarding

4

treatment does not amount to deliberate indifference. *Shofner v. Comacho*, 2000 WL 1359633, at*2 (6th Cir. Sept. 14, 2000) (citing, *inter alia*, *Estelle*, 429 U.S. at 107).

Here, the plaintiff does not indicate that he was refused treatment for his M. S., only that he was not given the prescription medication that he desired. The reason he did not receive Beta Seron at SCDC, according to the response to his grievance, was because the doctor at that facility, in consultation with the plaintiff's physician, had determined that the plaintiff did not need treatment for his M.S. The plaintiff does not dispute the SCDC doctor's opinion; his only objection is that the physician who initially prescribed Beta Seron was not contacted, obviously implying that, if his physician, Douglass Jeff__ was not contacted, it would be impossible for him to have agreed with the opinion of the facility's doctor that the plaintiff's condition did not require treatment with Beta Seron.

However, if the plaintiff is taking the position that the opinion of his original prescribing physician trumps the medical judgment of the SCDC doctor, such a position is rooted in Tennessee's law of medical malpractice, and not in the Eighth Amendment. *Macklin v. Ameji*, 1998 WL 552805, * 2 (6th Cir. Aug. 10, 1998) (holding that a disagreement between a doctor and the physician who originally prescribed a medication does not implicate the 8th Amendment); *White v. Napoleon*, 897 F.2d 103, 110 (3rd Cir. 1990) (finding that an allegation that a doctor disagrees with the professional judgment of another doctor fails to state an 8th Amendment claim). For these reasons, the plaintiff's allegations concerning the denial of Beta Seron fail to state a viable claim entitling him to relief under § 1983. *See Layne v.*

*Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981) (finding that "]t]he right to be free from cruel and unusual punishment does not include the right to treatment of one's choice").

Finally, a municipal defendant, like Sullivan County, Tennessee, cannot be held liable for the acts of its employees under the theory of respondeat superior. *Monell*, 426 U.S. at 691. To prevail against this defendant, the plaintiff must establish that a policy, custom, or practice of Sullivan County has resulted in the deprivation of his constitutionally-protected rights. *Id.* at 690-91. Because the plaintiff has not alleged that the denial of medication resulted from this defendant's policy, custom, or practice, he has failed to state a claim against Sullivan County.

3. Conclusion

The plaintiff's allegations do not entitle him to relief under § 1983 and this action will be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2); § 1915A.

A separate order shall enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE